■ In the Matter of WILLIAM M. BURKE, An Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.—Respondent was admitted to the Bar by this court on February 4, 1954. Petitioner moves to confirm the report of the referee which sustained charges of professional misconduct against respondent consisting of indorsing his clients' names to checks without their authority, temporarily converting $2,500, signing his client's name to a release without her authority, misusing his office of notary public, misleading petitioner at a preliminary hearing and failing to properly maintain an escrow account. Respondent opposes the motion and requests that the matter be remanded to the referee for the taking of additional testimony with respect to the charges. Upon examination of the record, we have concluded that respondent has been afforded and has availed himself of ample opportunities to address himself to and meet the charges in this proceeding. Therefore, his request that the matter be remanded for the taking of additional testimony is denied. The charges themselves resulted from a complaint filed by a former client who became dissatisfied with respondent's services after he had represented her and her husband in numerous matters during a three-year period. The evidence with respect to the charge that respondent signed the complainant's name to a release without her authority consists solely of the sharply conflicting testimony of the complainant and the respondent. The referee chose to accept complainant's testimony and while we may, in a proper case, substitute our findings for those of the referee, we do not believe that this is such a case. As to the charge that respondent indorsed the names of complainant and her husband to checks without their authority, respondent testified that it was his customary office practice to advise his clients that after a release was signed and a settlement draft received, he would indorse the draft, deposit it in his account and remit the proceeds to his client, less his fee, after the draft cleared the bank. While it appears from respondent's testimony that complainant was aware of his practice in this regard, she testified that she did not, at any time, give respondent permission, either express or implied, to indorse checks on her behalf. However, we find that at the time respondent indorsed the checks, he acted under the belief that he had implied permission to do so. While this belief was subsequently shown to be mistaken, it may nonetheless be considered in mitigation. Accordingly, the motion to confirm the referee's report is granted in all respects except as to the findings that respondent committed forgery in the second degree when he signed his client's name to a release and to checks, which findings we reject. In mitigation, it also appears that respondent has made restitution and that neither complainant nor her husband has suffered any financial loss as the result of respondent's actions. Although we do not condone respondent's conduct nor his unorthodox office practice, upon consideration of the mitigating circumstances present in this matter, as well as respondent's otherwise unblemished record as a member of the Bar for 22 years, we have determined that the ends of justice will be adequately served in this case by

a censure. Respondent censured. Koreman, P. J., Sweeney, Main, Larkin and Herlihy, JJ., concur.